# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL T. TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. 4:14CV718 ACL |
| | ) | |
| ST. FRANCOIS COUNTY COURT, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus. Because it is apparent on the face of the petition that petitioner is not entitled to relief, the Court will dismiss it without further proceedings. 28 U.S.C. § 2254 Rule 4.

On March 2, 2007, petitioner pled guilty to one count of second degree assault in violation of Mo. Rev. Stat. § 565.060. Missouri v. Turner, No. 06SF-CR00037 (St. Francois County). On the same day, the court sentenced petitioner to a one year prison sentence with credit for time served. Id. Petitioner did not appeal. In the instant petition, petitioner seeks to challenge the judgment on the grounds that his counsel was ineffective.

Petitioner is currently incarcerated at USP Springfield Medical Center on an unrelated conviction. See United States v. Turner, 1:09CR184 SNLJ (E.D. Mo.).

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). A habeas petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng v. Cook,

490 U.S. 488, 491 (1989) (emphasis in original). Petitioner's state sentence is fully expired. As a result, the Court no longer has jurisdiction to hear a challenge to the sentence, and the Court will dismiss the petition without further proceedings.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether he is in custody. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 10th day of April, 2014.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE